BRUCE WECKER (CA Bar No. 078530)
bwecker@hausfeld.com
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
415-633-1908 telephone
415-358-4980 fax

*Attorney for Plaintiff FULLVIEW, INC.*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FullView, Inc., <br> a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> Polycom, Inc., <br> a Delaware Corporation, <br><br> Defendant. | Case No. _____ <br><br> **ORIGINAL COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff FullView, Inc. ("FullView" or "Plaintiff") hereby files its complaint against Defendant Polycom, Inc. ("Polycom" or "Defendant") for patent infringement. For its complaint, Plaintiff alleges, on personal knowledge as to its own acts and on information and belief as to all other matters, as follows:

## PARTIES

1. Plaintiff FullView is a corporation organized under the laws of the State of Delaware and has its principal places of business in Holmdel, New Jersey and Saratoga, California. Fullview is and at all pertinent times was the assignee and owner of the patents at issue in this case.

2. Defendant Polycom is incorporated under the laws of the State of Delaware and has its principal place of business in San Jose, California.

## JURISDICTION AND VENUE

3. This Complaint asserts a cause of action for patent infringement under the Patent Act, 35 U.S.C. § 271. This Court has subject matter jurisdiction over this matter by virtue of 28 U.S.C. § 1338(a). Venue is proper in this Court by virtue of 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(b), in that Polycom may be found in this district, Polycom has committed acts of infringement in this district, and a substantial part of the events or omissions giving rise to the claim occurred and a substantial part of property that is the subject of the action is situated in this district.

4. This Court has personal jurisdiction over Polycom because Polycom provides infringing products and services in the Northern District of California.

## INTRADISTRICT ASSIGNMENT

5. While Civil LR 3-2(c) provides for this case to be subject to district-wide assignment because it is an Intellectual Property Action, the parties both have principal office locations within the Northern District in the San Jose Division. Assigning the case to that Division will thus provide both parties with substantial convenience and efficiency.

## BACKGROUND

### The FullView Patents

6. Plaintiff owns several patents, all deriving from inventions of Vishvjit Singh Nalwa, who has been President of FullView since its founding in 2000. FullView is, *inter alia*, a Prime Contractor for the U.S. Navy that provides the Navy 360° panoramic cameras for its most advanced aircraft carriers, such as the USS Gerald R. Ford.

7. U.S. Patent No. 6,700,711 ("the '711 Patent") entitled Panoramic Viewing System with a Composite Field of View was issued on March 2, 2004. A true and correct copy of the '711 Patent is attached as Exhibit "A" and is incorporated herein by reference. Plaintiff is the legal and rightful owner of the '711 Patent.

8. U.S. Patent 6,128,143 ("the '143 Patent") entitled Panoramic Viewing System with Support Stand was issued on October 3, 2000. A true and correct copy of the '143 Patent is attached as Exhibit "B" and is incorporated herein by reference. Plaintiff is the legal and rightful owner of the '143 Patent.

9. Dr. Nalwa has over 30 years of experience as an electrical engineer and inventor. He holds a Ph.D. in Electrical Engineering from Stanford University and has been a member of the faculty in electrical engineering at Princeton University. He is the inventor on numerous patents. He holds 14 U.S. patents on his omni-directional camera viewing system. Based on this invention, in 2004, he was elected a Fellow of the IEEE — the preeminent worldwide

association of electrical engineers. This honor is awarded to no more than one-tenth of one percent of IEEE's total voting membership in any one year. He has given invited technical talks worldwide, including at MIT, Stanford, UC Berkeley, Harvard, Princeton, Yale, Google, Technion, TU Delft, UBC Vancouver, IIT Delhi and INRIA Sophia Antipolis.

10. The '711 Patent contains thirty nine (39) patent claims covering a unique and novel method, product of method, system and apparatus for an omni-directional or panoramic viewer in which several cameras look off mirrors from effectively a common viewpoint. The fields of view of these cameras are arranged together to provide a continuous 360° view of an area. A user can sweep through 360° of viewing, with each view having the same or nearly same viewpoint, by simply using the output of one camera or the composite of the outputs of two or more cameras. Such an arrangement may be used to enhance virtual meetings by allowing an unlimited number of remote participants to simulate sitting in a physical meeting room in which each remote participant is free to turn his or her head independently in any direction at any time.

11. The '143 Patent contains eighteen (18) patent claims covering a unique and novel system and apparatus for a compact and non-intrusive omni-directional or panoramic viewer in which several cameras look off mirrors from effectively a common viewpoint. Such an arrangement may be used to enhance virtual meetings by allowing an unlimited number of remote participants to simulate sitting in a physical meeting room in which each remote participant is free to turn his or her head independently in any direction at any time without the arrangement being intrusive to participants who are physically present in the meeting room.

## FullView License to Polycom

12. In April, 2011, Polycom licensed from FullView the '711 and '143 Patents among other patents for Polycom's CX5000 product that provides panoramic 360° video for videoconferencing applications. Polycom's CX5000 was previously manufactured and marketed as Roundtable by Microsoft Corporation ("Microsoft"), also under license from FullView.

## *Inter Partes* Reexamination of the '711 Patent

13. On information and belief, at some time between 2001 and 2013, Polycom discontinued the manufacture and sale of the CX5000 product and began producing products not covered by its existing license from FullView. When FullView and Polycom could not agree on licensing terms for successor products to the CX5000 product, Polycom initiated an *Inter Partes* Reexamination of FullView's '711 Patent at the United States Patent and Trademark Office ("USPTO") on or around January 26, 2012. On information and belief, around that time, Polycom began selling its unauthorized infringing products.

14. On January 4, 2017, the Patent and Trial Board ("PTAB") of the USPTO affirmed all 39 claims of the '711 Patent. Both FullView and Polycom have requested a rehearing by the PTAB regarding various aspects of the Board's rulings. These requests remain pending.

## **Polycom's Infringing Goods And Services**

15. As alleged above, the '711 Patent was issued on March 2, 2004 and the '143 Patent was issued on October 3, 2000. On information and belief, Polycom became aware of these patents no later than March 30, 2009, when it announced that it would begin selling the Microsoft Roundtable renamed as the Polycom CX5000.

16. Despite this knowledge, Polycom began making and selling infringing products and services.

17. On information and belief, Polycom has made and sold since at least February 2012, without a license from FullView, several infringing products to provide panoramic 360° video for videoconferencing applications. These products include the CX5000 HD, CX5100, CX5500, CX8000 360º and RealPresence Centro products.

**ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**   4

# COUNT 1

## (Patent Infringement)

18. Plaintiff incorporates by reference the allegations of paragraphs 1 through 17 above.

19. Plaintiff is the owner of the '711 Patent and the '143 Patents.

20. Polycom has infringed the '711 Patent and has infringed and is still infringing the '143 Patent by, without authority, consent, right or license, making, using, importing/exporting, offering for sale and/or selling products using the methods, products of methods and apparatuses claimed in these patents in this country. This conduct constitutes infringement under 35 U.S.C. § 271(a).

21. In addition, Polycom has infringed the '711 Patent and has infringed and is still infringing the '143 Patent in this country, through, *inter alia*, its active inducement of others to make, use, import/export, offer for sale and/or sell the systems, products, methods and products of methods claimed in one or more claims of the '711 Patent and the '143 Patent. This conduct constitutes infringement under 35 U.S.C. § 271(b).

22. In addition, Polycom has infringed the '711 Patent and has infringed and is still infringing the '143 Patent in this country through, *inter alia*, providing and selling goods and services designed for use in practicing one or more claims of the patents, where the goods and services constitute a material part of the invention and are not staple articles of commerce and have no use other than infringing one or more claims of the patents. Polycom has committed these acts with knowledge that the goods and services it provides are specially made for use in a manner that directly infringed the '711 Patent and that directly infringed and is still directly infringing the '143 Patent. This conduct constitutes infringement under 35 U.S.C. § 271(c).

23. Polycom's infringing conduct is unlawful and willful. Polycom's willful conduct makes this an exceptional case as provided in 35 U.S.C. § 285.

24. As a result of Polycom's infringement, FullView has been damaged and will continue to be damaged.

WHEREFORE, Plaintiff prays:

a) That this Court find Polycom has committed acts of patent infringement under the Patent Act, 35 U.S.C. § 271;

b) That this Court enter judgment that:

 (i) The '711 Patent was valid and enforceable and the '143 Patent is valid and enforceable; and

 (ii) Polycom has willfully infringed the '711 Patent and the '143 Patent;

c) That this Court award Plaintiff the damages to which it is entitled due to Polycom's patent infringement, with both pre-judgment and post-judgment interest;

d) That this Court adjudge Polycom's infringement of the '711 Patent and the '143 Patent to be willful and it therefore increase damages to Plaintiff by three times the amount found or assessed pursuant to 35 U.S.C. § 284;

e) That this Court adjudge this case to be exceptional and it therefore award Plaintiff its attorney's fees and costs in this action pursuant to 35 U.S.C. § 285; and

f) That this Court grant Plaintiff such other and further relief, in law or in equity, both general and special, to which it may be entitled.

Dated: January 23, 2018                                         Respectfully submitted,

*/s/ Bruce Wecker*

BRUCE WECKER (CA Bar No. 078530)
bwecker@hausfeld.com
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
415-633-1908 telephone
415-358-4980 fax

*Attorney for Plaintiff FULLVIEW, INC.*