UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FULLVIEW, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>POLYCOM, INC.,<br><br>        Defendant. | Case No. 18-cv-00510-EMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY CASE PENDING APPEAL**<br><br>Docket No. 216 |

    Plaintiff FullView, Inc. ("FullView") filed suit against Defendant Polycom, Inc. ("Polycom") for patent infringement of U.S. Patent No. 6,128,143 ("the '413 patent"). The parties filed cross-motions for summary judgment on infringement. The Court granted FullView's motion for summary judgment of infringement of the patent-at-suit on November 7, 2022. Docket No. 213. Polycom then appealed to the Federal Circuit on November 17, 2022. Docket No. 215. Now pending before this Court is Polycom's motion to stay the case pending appeal. Docket No. 216.

    Whether a stay is appropriate depends on three factors: "(1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). Here, all factors favor granting the motion for a stay. First, no damage would result from a stay because the patent-at-issue is expired and thus there is no potential harm of continued infringement. The case concerns only retrospective damages and FullView does not assert a risk of defendant's

insolvency. Moreover, it does not assert that pre-judgment interest will not protect it from the lost of the time-value of money. Second, there are no issues of inequity resulting from the stay. FullView's contention that "[o]ther potential witnesses are in their 70s and 80s" and at risk of passing away and thus prejudice it pursuit of a money judgment is speculative and baseless. Docket No. 224 at 3. Third, waiting for a decision from the Federal Circuit could simplify the questions of law left for this Court to decide.

Under 28 U.S.C. § 1292(c)(2), a defendant in a patent case may immediately appeal any judgment that is "final except for an accounting." Thus, "an appeal in a patent case can come to [the Federal Circuit] under § 1292(c)(2) after validity and infringement are determined but prior to determining damages." *Majorette Toys (U.S.) Inc. v. Darda, Inc. U.S.A.*, 798 F.2d 1390, 1391 (Fed. Cir. 1986). The statute also confers upon the Federal Circuit jurisdiction "to entertain appeals from patent infringement liability determinations when willfulness issues are outstanding and remain undecided." *Robert Bosch, LLC v. Pylon Mfg. Corp.*, 719 F.3d 1305, 1319 (Fed. Cir. 2013). Polycom has appealed this case to the Federal Circuit. This Court has already decided the substantive infringement issues, leaving the only remaining issues of willfulness and damages. Courts have recognized that § 1292(c)(2) was enacted to avoid "the large expenses frequently involved in such accountings and the losses incurred where recoveries were ultimately denied by reversal of decrees on the merits." *McCullough v. Kammerer Corp.*, 331 U.S. 96, 98–99 (1947). Only after the appellate decision would it be clear whether this Court's determination on damages would be unnecessary (if the Federal Circuit finds the patent invalid or not infringed) or whether this Court would need to conduct a new trial on infringement or validity (if the Federal Circuit finds a triable issue of fact) or whether the Court should proceed with a damages determination (if the Federal Circuit affirms).

///
///
///
///
///

The Court thus **GRANTS** Polycom's motion to stay the case pending appeal. However, the parties are directed to meet and confer and explore further ADR during the pendency of the appeal and the exchange of information (such as sales data) to facilitate that ADR notwithstanding the stay.

This order disposes of Docket No. 216.

**IT IS SO ORDERED**.

Dated: January 9, 2023

_____
EDWARD M. CHEN
United States District Judge