UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FULLVIEW, INC.,

        Plaintiff,

    v.

POLYCOM, INC.,

        Defendant.

Case No. 18-cv-00510-EMC  (EMC)

**ORDER GRANTING MOTION FOR CERTIFICATION AND STAY**

Docket No. 309

United States District Court
Northern District of California

Before the Court is Plaintiff Fullview's Motion for Certification of Interlocutory Appeal and Stay of the Case Pending Appeal. Dkt. No. 309. The Court finds the motion suitable for resolution on the papers.

Fullview seeks certification of the following orders:

1. Order Granting Defendant's Partial Motion to Dismiss FullView's claims of infringement of U.S. Patent No. 6,700,711, dated September 10, 2020 [ECF 105] ("§101 Order")

2. Order Re Daubert Motions [ECF 296] ("Daubert Order")

A district court may certify an order for interlocutory appeal if (1) the order involves a controlling question of law, and (2) there is substantial ground for difference of opinion on that question, and (3) an immediate appeal might materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). The parties here agree that an immediate appeal would advance the termination of this litigation by aiding their efforts to settle this case, which is otherwise on the

eve of trial.[1]  Moreover, resolution of the Daubert Order may have a substantial impact on the relief available at trial;  it could obviate, for instance, Fullview's damages claim.  Fullview maintains that the orders it seeks to appeal involve the following controlling questions of law (as phrased by Fullview), on which there is substantial ground for difference of opinion:

"1. Does the District Court's ruling that all claims of the '711 Patent are "abstract" under Alice/Mayo inappropriately disregard the Federal Circuit's ruling that found inter alia "offset viewpoints" in mirror–camera arrangements such as taught by the '711 Patent to be not just unconventional but "counterintuitive" to the prevalent thinking at the time of the invention?

2. Can any claim of the '711 Patent be "abstract" when each was (a) directed to overcoming a long-standing problem in the art — a problem (such as producing seamless "composite images") that necessarily remained unsolved by "well-understood, routine, conventional activity" — and (b) found not invalid under §102 and §103 by the Federal Circuit, (a) and (b) demonstrating that each was non-routine and unconventional at the time of the invention?

3.  Is the "composite image" in the '711 Patent's claims not a "manufacture" under 35 U.S.C. § 101 or a "product" under 35 U.S.C. § 271(g) even though a "composite image" is inter alia distinguished from "data representing the composite image" in both the patent's specification and claims and is sought by the patent to be without "image artifacts" at its seams?

4. In excluding all testimony of FullView's experts related to apportionment — testimony supported by substantial "reasoned analysis and evidentiary support," such as "composite images" with and without the "claimed intersection" — has the District Court (a) usurped a jury's role as fact finder, (b) misconstrued *AstraZeneca AB v. Apotex Corp.*, 782 F.3d 1324 (Fed. Cir. 2015), (c) committed errors of fact and law, and (d) abused its discretion?

5. Can Polycom's technical expert reliably provide the perspective of a "person of ordinary skill in the art" ("POSITA") at the time of the invention under Daubert when it is not disputed that he does not understand how the mirror-camera arrangements in the patents and prior art relate to the claimed viewing geometry — something a POSITA would understand — nor is it genuinely disputed that he provided contradictory testimony and misrepresented evidence?

6. Is testimony by Polycom's damages expert admissible under Daubert and EcoFactor when this testimony does not tie damages to undisputed evidence of (a) actual royalty negotiations between the

---

[1] Polycom alternatively requests the Court enter judgment under Rule 54(b) as to the ECF 105 Order.  However, the Court does not believe an appeal of the §101 ruling only would serve the interests of judicial economy at this time.

United States District Court
Northern District of California

Parties over a FullView license for the accused products on the eve of infringement — the only evidence of royalty to FullView's patents at the image resolution of the accused products — (b) the royalty structure common to every license that FullView has ever offered or entered into, including to and with Polycom, or (c) the license from Microsoft to Polycom for the accused products that inter alia required Polycom to take the "necessary" FullView license and follow a design that infringes on the '711 and '143 Patents?"

Although the Court does not adopt Fullview's precise phrasing of the questions, the Court finds that the requirements for an interlocutory appeal under 28 U.S.C. § 1292(b) are met and therefore **CERTIFIES** the Court's Orders at Dkt. Nos. 105 and 296 for appeal.  The case is **STAYED** pending this appeal.

**IT IS SO ORDERED**.

Dated: 12/23/2025

_____

EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California

3